## GILBERT NAGEL V. THE STATE.

No. 16518.  Delivered March 14, 1934.
Rehearing Denied (Without Written Opinion) April 11, 1934.

The opinion states the case.

*D. A. McAskill* and *H. G. Williams*, both of San Antonio, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin. for the State.

MORROW, PRESIDING JUDGE.—Unlawfully delivering and recording a conveyance of land in which a person has no interest is the offense; penalty assessed at a fine of one hundred dollars.

The offense is that described in article 1011a, P. C., (Acts 1931, 42nd Leg., p. 439, chap. 263), the first section of which reads as follows: "It shall be unlawful for any person, acting for himself or as an officer or purported officer of any association, firm or corporation, to execute or deliver to any other person, association, firm or corporation, any deed, mortgage, deed of trust, or any other instrument in writing, purporting to convey any land or interest in land within this State, when such person, at the time of the execution of such instrument, knows that neither he nor the association, corporation or firm for which he is acting or purports to be acting, is the owner of or has an interest in the land described in said instrument; and it shall

further be unlawful for any person, acting in his said individual capacity or in behalf of the organizations hereinbefore named, to knowingly receive such instrument, or to tender for record such instrument, knowing at the time of such receiving or tendering, that the person, firm or corporation executing such instrument was not the owner of the land nor the interest therein which said instrument conveys or purports to convey."

The information charges the following: "Gilbert Nagel did unlawfully execute and deliver and cause to be executed and delivered a deed in writing purporting to convey land within this State in that the said Gilbert Nagel did then and there execute and cause E. Denton, an individual, to execute, as grantor, a deed purporting to convey Lot number 4, Block Number 7, New City Block Number 2051, within the corporate limits of the city of San Antonio, in Bexar County, Texas, to one Marco Eskenazi, as grantee, the said Gilbert Nagel knowing at the time of the execution of such instrument that the said E. Denton was not the owner of said land or any interest therein."

The information also charges that the appellant was instrumental in having said deed recorded in the deed records of the county. According to the information, at the time all the acts were done by the said Gilbert Nagel, he knew that there was no such land as that described in the deed and that the purported grantor was not the owner of said land.

The information is attacked upon various grounds which are not regarded as tenable. There is no statement of the facts showing the evidence that was introduced and the proof that was made. The averments are regarded as sufficiently charging the offense defined in the statute mentioned, namely, article 1011a, P. C. In the absence of the evidence, the presumption must prevail that the facts proved were sufficient to support the conviction.

No brief for either the State or the appellant is found in the record.

No fundamental error having been perceived or pointed out, the judgment is affirmed.

*Affirmed.*